UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM S., <br>    Plaintiff, <br> <br> v. <br> <br> KILOLO KIJAKAZI, Acting Commissioner <br> of the Social Security Administration, <br>    Defendant. | ) <br> ) <br> ) <br> ) CAUSE NO.: 2:21-CV-283-JVB <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

Plaintiff William S. seeks judicial review of the Social Security Commissioner's decision denying his application for disability insurance benefits and asks this Court to reverse that decision and remand this matter. For the reasons below, this Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's November 28, 2016 application for benefits, he alleged that he became disabled on September 30, 2016. The Administrative Law Judge (ALJ) issued a partially favorable decision on February 4, 2019, which the Appeals Council vacated and remanded. After a March 15, 2021 administrative hearing, the ALJ issued a new, unfavorable decision on March 31, 2021, and found that Plaintiff suffered from the severe impairments of residuals of prostate cancer with resulting incontinence/cystitis and mild degenerative disc disease of the cervical spine. (AR 137). The ALJ also found that Plaintiff had the non-severe impairments of residuals of right hip arthroplasty, hyperlipidemia, basal cell carcinoma, residuals from fistulotomy, anxiety, headaches, tinnitus, and residuals from hernia surgery (and revision). (AR 137). The ALJ determined that

Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to perform medium work as defined in 20 CFR 404.1567(c) except never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally balance, kneel, and crawl; and frequently stoop and crouch. The claimant must be permitted to use the restroom every hour, which would include during normal breaks.

(AR 139). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was able to perform past relevant work as a field servicer and, alternatively, was able to perform the representative occupations of dishwasher, hand packager, detailer, and sweeper. (AR 146-47). Accordingly, the ALJ found Plaintiff to be not disabled from September 30, 2016, through June 30, 2020, which is the date Plaintiff last met the insured status requirements of the Social Security Act. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

(1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ erred because the residual functional capacity (RFC) finding fails to account for all of the residuals of Plaintiff's prostate cancer and because the testimony of the vocational expert (VE) does not support the ALJ's conclusion.

### A. Residual Functional Capacity

At step four of the sequential evaluation, an ALJ must assess a claimant's RFC. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004) ("The RFC is an assessment of what work-related activities the claimant can perform despite [their] limitations."); *see also* 20 C.F.R. § 404.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. § 404.1545(a)(3). According to the regulations:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies of ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7. Although ALJs are not required to discuss every piece of evidence, they must consider all of the evidence that is relevant to the disability determination and provide enough analysis in their decisions to permit meaningful judicial review. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *Young*, 362 F.3d at 1002. In other words, an ALJ must build an "accurate and logical bridge from the evidence to [their] conclusion." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ must also consider the combination of impairments, as the impairments in combination "might well be totally disabling" even if the impairments alone may not be serious. *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011).

Plaintiff's argument centers on the urinary incontinence he experiences as a residual of his prostate cancer. Plaintiff and the Commissioner agree that the ALJ incorrectly stated that there was only one instance of urinary frequency reported in the record after Plaintiff's June 5, 2018 surgery for the implantation of a male sling. Thus, it is undisputed that the ALJ erred. The Court's analysis does not end here, though, because the harmless error standard applies in Social Security cases. *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021). If the Court can "predict with great confidence what the result of remand will be," then the error is harmless. *Id.* (quoting *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011)).

The Commissioner argues that the ALJ's error is harmless because the ALJ noted records from after Plaintiff's surgery where frequency and incontinence were negative. Thus, the Commissioner contends, the ALJ provided an "alternative basis" for the ALJ's finding for symptom improvement. However, the ALJ made no alternative finding that the records showing lack of frequency and incontinence are, on their own, sufficient for him to make the same finding even if there is other evidence showing urinary frequency after surgery.

4

Plaintiff's urinary issues are an important piece of his disability claim. There is evidence of urinary frequency, which the ALJ accepted to some extent, finding that hourly breaks are necessary. The Court cannot confidently say that if the ALJ would have reached the same conclusion (instead of, for example, fully accepting Plaintiff's statement of his symptoms or the opinion of Plaintiff's urologist) if the ALJ had understood that Plaintiff's male sling surgery did not provide the near-total improvement that the ALJ believed that it had. Thus, the Court must remand this matter.

The Court also agrees that the ALJ failed to discuss the effects that the lifting requirements of medium work would have on Plaintiff's incontinence. Plaintiff testified that lifting heavy objects exacerbated his incontinence. (AR 58). The ALJ acknowledged this testimony. (AR 14). However, the ALJ did not discuss exertion-induced incontinence in the context of the finding that Plaintiff could perform medium work and only discussed evidence of whether Plaintiff had the muscular strength to perform the lifting required by medium work. The ALJ erred in failing to consider whether Plaintiff's need to change the pad would be increased due to incontinence exacerbated by the lifting requirements of medium work and the impact any increase in necessary changes would have on Plaintiff's RFC.

## B. Vocational Expert Testimony

Ambiguous testimony by a VE can prevent the substantial evidence standard being met at step five of the disability determination process. *See Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019). Here, the Court is faced with the following ambiguous testimony from the VE:

> VE: [T]aking additional breaks for the restroom . . . is a matter of being off-task, but a hypothetical individual would be permitted to take breaks to use the restroom as long as they remained on task [88%][1] of an eight-hour workday.

---

[1] The VE originally stated this number as 87% but later corrected it to 88%. (AR 41).

> ALJ: Okay. So, let's say that someone needed to use the restroom every hour. Would that have any impact then, in your opinion?
>
> VE: Well, during some of those times, they would be able to use to [sic] the facilities while they were taking their break, but if they would have to do it every hour, outside of their breaks, this would be excessive in my professional opinion, and it would require workplace accommodations, or it would be work-preclusive.

(AR 41). It is unclear whether the VE meant that hourly breaks, *all of which* were outside of normal breaks, would be work-preclusive or whether she meant that hourly breaks, *some of which* were outside of normal breaks, would be work-preclusive. The Commissioner argues that the 12% of off-task time indicates that additional time outside of normal breaks could be used for bathroom breaks so long as 12% of the workday is not exceeded. Court notes that the 12% of the workday permitted to be off-task is approximately one hour, which is sometimes the amount of time allotted for "normal breaks." *See Caban v. Astrue*, No. 1:09-CV-192, 2010 WL 30211516, at *9 (N.D. Ind. July 29, 2010). The Commissioner bears the burden of proof at step five, and the Court finds in light of the ambiguous testimony from the VE, that the ALJ's decision is not supported by substantial evidence at this step. Remand is also required on this basis.

        The Court pauses to note that the lack of definition of "normal breaks" here is concerning. The fact that they are called *normal* breaks implies that there are norms at issue. What little the Court can discern from the VE's ambiguous testimony condenses down to a rather circular statement on the issue: if Plaintiff can fit his bathroom breaks within his employer's allowances, then the employer will allow Plaintiff to take those breaks. This does not clarify whether Plaintiff's need for hourly bathroom breaks would violate the workplace norms for breaks. Are employees in the occupations identified by the VE able to schedule breaks at will so long as they do not exceed the daily limit for break time, or are they required to take them at set intervals for set lengths of time?

The Court also notes that the length of time required for a bathroom break, including the time to walk from the workstation and back, is an important matter to resolve in determining whether Plaintiff would be able to take his needed bathroom breaks and remain on-task for the required length of time each workday. This is especially true in occupations, such as Plaintiff's previous work as a Field Servicer, where there is evidence that restroom facilities are usually not next to the point of service. (AR 377).

## CONCLUSION

In light of the above, the Court hereby **GRANTS** the relief requested in Plaintiff's Social Security Opening Brief [DE 11], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on October 7, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
